J-A02025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DIANE L. LAWRENCE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. LAWRENCE | : | |
| | : | |
| | : | No. 1105 MDA 2023 |

Appeal from the Order Entered July 6, 2023
In the Court of Common Pleas of York County
Civil Division at No(s): 2020-FC-001046-15

| | | |
|---|---|---|
| DIANE L. LAWRENCE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY J. LAWRENCE | : | |
| | : | |
| | : | No. 1106 MDA 2023 |

Appeal from the Decree Entered July 17, 2023
In the Court of Common Pleas of York County
Civil Division at No(s): 2020-FC-001046-02

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED NOVEMBER 27, 2024**

Appellant, Diane L. Lawrence ("Wife"), appeals from the decree entered in the York County Court of Common Pleas, which finalized the divorce between Wife and Appellee, Anthony J. Lawrence ("Husband"). Wife further appeals from the order resolving her petition for special relief which directed

the parties to pay specific percentages of tax liabilities.[1]  We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> Plaintiff is [Wife], presently residing [in East Berlin, Pennsylvania].  Defendant is [Husband], presently residing [in Hanover, Pennsylvania].  Wife is employed as a licensed real estate agent[.]  Husband is currently unemployed, having sold his business in December 2019.
>
> The parties were married on September 4, 1982, in McSherrystown, Pennsylvania, and separated on June 2, 2020.  On June 10, 2020, Wife filed a Complaint in Divorce.  On February 8, 2022, a Hearing Officer was appointed to hear the issue of equitable distribution.  On April 13, 2022, Wife filed a Petition for Special Relief/Motion *in Limine* requesting the [c]ourt to exclude Husband's ability to present evidence pertaining to his health and value of assets.[2]  A hearing was held on May 18, 2022.  On July 18, 2022, the Hearing Officer filed a Report and Recommendation.
>
> Wife filed Exceptions to the Report and Recommendation on August 4, 2022.  Wife raise[d, among other issues, that the Hearing Officer erred] in not awarding a larger share of the marital assets to Wife to counteract the extreme discrepancy in Wife's tax burden; and the Hearing Officer erred in concluding that Husband should gain a larger share of the marital estate.
>
> Husband filed Counter-Exceptions on August 23, 2022.  Husband raise[d] the following exceptions: the Hearing Officer erred in finding that Husband has an earning capacity

_____

[1] This Court granted Wife's application to consolidate the appeals.

[2] Wife filed the motion because the parties had sold several properties, resulting in taxable gains and liability.  The net proceeds from the sale of a commercial office building was $101,941.00, and the net proceeds from the sale of certain townhomes was $1,626,058.00.  The total estimated net taxable gain from the sale of the properties was $2,776,000.00.

of $109,038.00 and is not disabled; the Hearing Officer erred in distributing the net marital estate 54% to Husband and 46% to Wife; the Hearing Officer erred in not awarding Husband a greater share of the proceeds on the net proceeds on the sale of the Madidka Townhouses; and the Hearing Officer erred in not considering the tax consequences to the parties in his equitable distribution award.

(Trial Court Opinion and Order, filed 12/29/22, at 1-2).

With regard to the tax consequences, Wife contended that there would be a dissipation of assets if the parties were not directed to file joint tax returns for 2022, and that it would be disproportionate to have her carry most of the tax burden when Husband had sufficient loss carry forwards to cover most, if not all, of the tax burden. Husband argued that the Hearing Officer should have considered the consequences to the parties, and suggested the trial court remand for a specific determination as to the tax impact and factor those consequences into the overall value of the assets for distribution.

Following oral argument, the trial court entered a memorandum and order directing the parties to file a joint income tax return for 2022, despite the fact that Husband would have no tax liability if he filed separately, due to the tax savings to Wife that would result, and to avoid the dissipation of marital assets in the form of the loss carry forward. The order adopted the Hearing Officer's distribution of the marital estate, *i.e.*, 54% to Husband and 46% to Wife. The trial court explained that Wife was in a slightly more favorable position than Husband due to her continued employment and higher earned income. The memorandum and order granted Wife's exceptions

relating to bank accounts and the remainder value for distribution from the sale of a joint property but denied the remainder of both parties' exceptions. Notably, the court's order left open how to apportion the tax liability once the parties filed a joint tax return.

On April 6, 2023, Wife filed a petition for special relief and contempt. Wife averred that the December 29, 2022 order, which neither party had appealed, was a final order, and that Husband had failed to comply with the trial court's directives and perform the actions required to begin the distribution of the marital estate and filing of the 2022 tax return. She requested the court order Husband to comply with its prior orders, sign any required documents, and pay various insurance policies and tax liabilities. If Husband still failed to comply, Wife requested a finding of contempt, and the award of counsel fees.

On April 21, 2023, Wife filed a petition for special relief, averring that although she had met with the parties' accountant and paid half of the projected tax due for the 2022 tax return, Husband still refused to pay his share. She requested that the court order Husband to pay his share of the liability, reimburse her for any overpayments, sign required tax documents, and pay Wife's counsel fees incurred due to his failure to cooperate.

On May 2, 2023, the trial court held a hearing on Wife's petitions. The hearing was bifurcated and continued until June 28, 2023.

On May 18, 2023, Wife filed a petition for special and injunctive relief,

seeking the return of certain items of personal property which remained in the marital residence.

On June 28, 2023, the trial court heard additional evidence on the petition and concluded the hearing.

On July 6, 2023, the trial court entered an order resolving the parties' remaining issues. Relevant to this appeal, the trial court found Wife responsible for 54% of the tax liability and Husband responsible for 46%. The court entered a final divorce decree on July 17, 2023. On August 3, 2023, Wife filed timely notices of appeal from the July 6, 2023 order and the divorce decree. On August 3, 2023, the trial court ordered Wife to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Wife timely complied.

Wife raises the following issue for review:

> I. Whether the [trial] court committed an abuse of discretion and/or an error of law when it required the parties to file a joint tax return for tax year 2022 and then distributed the resulting tax liability in a manner that is incompatible with the court's own equitable distribution scheme?

(Wife's Brief at 4).

Wife argues that the trial court abused its discretion and committed an error of law by directing the parties to pay the tax liability generated by their joint filing for the year 2022 in proportions opposite to the trial court's equitable distribution scheme. Wife asserts that, even though the approximate tax liability was not known when the marital estate was initially

distributed, the tax liability remains a marital liability that must reduce the net marital estate to maintain the trial court's equitable distribution scheme. Wife argues that by not first reducing the marital estate by all marital liabilities, and then directing the parties to pay the tax liability in proportions opposite to their awarded percentages, the trial court has created a situation with two competing orders. Wife complains that the court's order had the effect of reducing the net marital equity that Wife received from 46% to 44.98%, and increasing the net marital equity that Husband received from 54% to 55.02%. Wife contends that requiring the parties to pay a percentage of the tax liability that is inconsistent with their awarded percentages of the marital estate, reduces Wife's receipt of marital equity while increasing Husband's award of marital equity, even though the court previously issued an order of equitable distribution that neither party appealed. Wife concludes that the trial court erred in this regard, and requests that we grant her relief. We disagree.

The following principles apply to this Court's review of an equitable distribution order:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In

determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. [W]e measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

> Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this [c]ourt will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

***Goodwin v. Goodwin***, 244 A.3d 453, 458 (Pa.Super. 2020), *aff'd*, ___ Pa. ___, 280 A.3d 937 (2022) (internal citations and quotation marks omitted).

The Divorce Code provides that upon the request of either party, the court shall "equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors." 23 Pa.C.S.A. § 3502(a). The court "may consider each marital asset or group of assets independently and apply a different percentage to each marital asset or group of assets." ***See id.*** In fashioning this award, the court considers many factors which may include the "Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain." 23 Pa.C.S.A. § 3502(a)(10.1).

Instantly, we observe at the outset that Wife cites no legal authority to support her argument.[3] Our Rules of Appellate Procedure are clear that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated there, **followed by such discussion and citation of authorities as are deemed pertinent**." Pa.R.A.P. 2119(a) (emphasis added). "It is well-established that the failure to develop an argument with citation to, and analysis of, pertinent authority results in waiver of that issue on appeal." ***C.H.L. v. W.D.L.***, 214 A.3d 1272, 1276 (Pa.Super. 2019) (holding husband waived appellate issue by failing to cite and analyze relevant legal authority). We note that "[i]t is not the duty of this Court to act as appellant's counsel, and we decline to do so." ***Id.*** at 1277.

Here, the trial court explained its decision as follows:

> Previously through exceptions, the [c]ourt determined that [H]usband's loss carry forward was a marital asset subject to equitable distribution. Furthermore, the [c]ourt agreed with the hearing officer's determination that [H]usband should receive 54% of the marital estate subject to [W]ife's 46%. No appeal was taken.
>
> The [c]ourt was then asked, through [Wife's] Petition for

---

[3] The only citations to legal authority in Wife's argument section are in two places where Wife is explaining on what the authority the trial court relied (***see*** Wife's Brief at 17, 19), and one place where Wife cites to Pa.R.A.P. 341 (governing final orders) without further explanation or elaboration (***see id.*** at 18). Wife does not utilize any of these citations to support her argument on appeal.

Special Relief, to address the parties' joint tax obligation. By prior order, the parties were directed to file a joint tax return even though [H]usband would have no tax liability if he filed individually. Because [H]usband should receive 54% of the loss carry forward as an asset through equitable division, the [c]ourt determined that it would be equitable for the tax obligation to be divided in a similar fashion. Pursuant to 23 Pa.C.S.[A.] § 3502, the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors. The [c]ourt may consider each marital asset or group of assets independently and apply a different percentage to each marital assert or group of assets.

(Trial Court Opinion, filed 8/18/23, at 1-2).

Wife provides this Court with no legal authority to support her claim that the trial court was required to apportion the tax liability in a way that exactly mirrored the equitable distribution scheme in the manner she prescribes, and that a failure to do so constituted an abuse of discretion. *See C.H.L., supra*. *See also Goodwin, supra*. In the absence of an argument section supported by relevant legal authority, Wife's issue on appeal is waived. *See C.H.L, supra*. Accordingly, we affirm.

Decree and order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2024

- 9 -